WIGGINS, Justice
(dissenting).
I do not agree with the majority’s analysis; therefore, I join the dissent. However, I write to stress that under the majority decision, district courts should not limit discovery when a party joins a bad-faith claim with his or her underlying tort or contract claim. Additionally, although- a court may require the jury to decide the underlying tort or contract claim prior to-having it hear further-evidence and decide the bad-faith claim, the trial should not be bifurcated when both claims are brought in the same action. Rather, the district court should allow discovery to proceed on both claims and try both claims in the same trial. ■ •
The majority’s primary rationale for deciding the case the way it does is judicial economy. Because a bad-faith claim and the underlying tort or contract claim typically involve the same facts, the majority sees no reason not to require the district court to try them together. However, if our district courts do -not allow discovery to proceed on both claims at the same time or .bifurcate actions.-in which both claims are brought, attorneys will try each claim separately the same way they did before the majority changed the law in this case. In other'words, if district courts continue to allow separate discovery and to bifurcate actions involving both bad-faith and related tort or contract claims, the change in the law the majority seeks to accomplish in its opinion would not amount to much of a change at all.
HECHT, J., joins this dissent.